**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

David LJ Wilson, ENS Legis Trust,

        Plaintiffs,

v.

Fannie Mae, *et al.*,

        Defendants.

_____/

Case No. 26-cv-10969

Hon. Jonathan J.C. Grey

## OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS (ECF No. 2) AND DISMISSING COMPLAINT (ECF No. 1)

## I.   INTRODUCTION

On March 23, 2026, pro se Plaintiff David LJ Wilson, ENS Legis Trust commenced this action by filing a complaint alleging Defendants Frannie Mae, Trott Law, P.C., and Gary A. Hanz engaged in fraud, violated the Fair Debt Collection Practices Act ("FDCPA"), breached a contract, and committed slander of title. (ECF No. 1, PageID.1.) A related state case was filed in the 36th Judicial District of Michigan before Judge Demetria Brue. (*Id.*, PageID.3.)

Along with his complaint, Wilson filed an application to proceed in forma pauperis (ECF No. 2) and a motion for temporary restraining order

and preliminary injunction (ECF No. 5). The motion asserts that Wilson faces "immediate and irreparable harm including loss of residence, damage to credit, and deprivation of property rights" and requests this Court enter an order "to halt eviction and enforcement of possession." (*Id.*, PageID.8.)

For the following reasons, the Court **GRANTS** in forma pauperis status, allowing Wilson to proceed without prepayment of the filing fee for this action. However, the Court **DISMISSES** the action under 28 U.S.C. § 1915(e)(2)(B).

## II.    LEGAL STANDARD

Pursuant to the provisions of § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court

must follow when faced with a civil action filed by a non-prisoner proceeding in forma pauperis:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608–609 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 F. App'x 356, 357 (6th Cir. Jun. 26, 2008). Federal courts hold a pro se complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Pro se litigants are not, however, excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott,* 840 F.2d 339, 343 (6th Cir. 1988).

## III.   ANALYSIS

The Court finds that Wilson is unable to prepay the filing fee (*see* ECF No. 2) and **GRANTS** his application to proceed in forma pauperis

under § 1915(a)(1). However, the Court finds that Wilson's complaint must be dismissed pursuant to § 1915(e)(2)(B).

## A.    Failure to State a Claim

According to Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). "While this notice pleading standard does not require 'detailed' factual allegations, it does require more than the bare assertion of legal principles or conclusions." *Harris v. Macomb Cnty. Children's Protective Servs.*, No. 2:23-CV-10434, 2023 WL 2541319, at *1 (E.D. Mich. Mar. 16, 2023) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007)). "In other words, Rule 8 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 577).

Wilson's complaint contains only the following three sentences of factual allegations:

> Plaintiff alleges that Defendants engaged in wrongful foreclosure and fraud through defective chain of title, lack of authority to foreclose, and misrepresentation of ownership. Defendants proceeded with foreclosure and possession despite knowledge of title defects and lack of standing.

> Plaintiff further alleges that Defendants pursued collection and enforcement actions on a debt that had been discharged or otherwise invalid, causing financial harm, emotional distress, and credit damage.

(ECF No. 1, PageID.1.)

The complaint then proceeds to list the following four causes of action:

> **Count I—Fraud (Rule 9(b))** Defendants knowingly made false representations regarding ownership and authority to foreclose. Plaintiff relied on
> these representations to his detriment.
> **Count II—FDCPA Violations** Defendants engaged in false and misleading debt collection practices in violation of 15 U.S.C. § 1692.
> **Count III—Breach of Contract** Defendants breached contractual obligations relating to mortgage and foreclosure procedures.
> **Count IV—Slander of Title** Defendants recorded or relied upon false documents affecting title, causing damage to Plaintiff.

(*Id.*)

While Rule 8's pleading standard is lenient, Wilson's bare-bone complaint wholly fails to allege meaningful factual support for his legal

5

claims, rendering it conclusory. Accordingly, his complaint amounts to "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft*, 556 U.S. at 678, which must be dismissed pursuant § 1915(e)(2)(B) for failure to state a claim.

### B.    *Rooker-Feldman* Doctrine and *Younger* Abstention

It is unclear if the state court proceedings have concluded or are ongoing. If the state court proceedings have concluded or a state court judgment has been issued, the *Rooker-Feldman* doctrine precludes Wilson from challenging that decision. It is well-established that, pursuant to the *Rooker-Feldman* doctrine, the Court does not have jurisdiction to review or reverse orders issued in state court or state administrative proceedings. *See, e.g., Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (the *Rooker-Feldman* doctrine "prevents a state-court loser from bringing suit in federal court in order to effectively set aside the state-court judgment"). Therefore, to the extent that Wilson is challenging any determinations in state court, the Court would have to review and reverse the state court decisions. Accordingly, any such allegations would fail to state a claim upon which relief could be granted in this Court.

Alternatively, if the state court proceedings are ongoing, *Younger* abstention doctrine prevents review. The doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), directs the Court to abstain from interfering in ongoing state court proceedings. It is well-established that the *Younger* doctrine "provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008)). The Court finds that all three criteria are met here if the state court proceedings are ongoing. There would be an ongoing state court proceeding, the State of Michigan has a significant interest in adjudicating the state court claim, and Wilson has the ability and right to raise constitutional challenges in that forum. *See Leonard v. Montgomery*, No. 2:22-CV-4502, 2023 WL 1070246, at *2 (S.D. Ohio Jan. 27, 2023) ("Time and again, courts have held that eviction proceedings pending in a state court implicate important state

7

interests.") Accordingly, this Court abstains from interfering in any pending state action.

## IV.   CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Wilson's application to proceed without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED** and shall be designated as **CLOSED** on the docket.

**SO ORDERED**.

<u>**s/Jonathan J.C. Grey**</u>
JONATHAN J.C. GREY
Date: June 23, 2026                    UNITED STATES DISTRICT JUDGE

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 3, 2026.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager